**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

ANGEL ZAMORA CRUZ,

Plaintiff

VS.

Officers GIBBS and SPENSTER, and IRWIN CO. DETENTION CENTER,

Defendants

NO. 7:09-CV-64 (HL)

**RECOMMENDATION**

Plaintiff **ANGEL ZAMORA CRUZ**, an inmate at the United States Penitentiary Big Sandy in Inez, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988(a).[1]

***I. STANDARD OF REVIEW***

***A. 28 U.S.C. § 1915(e)(2)***

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action

---

[1] Plaintiff styles his complaint as one also brought under ***Bivens v. Six Unknown Name Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1970). However, a ***Bivens*** claim is only viable against individual federal officers. ***Id.*** at 395. Because plaintiff has not named any individual federal officers as defendants, this is not a ***Bivens*** action.

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'... without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

***B. General Requirements of 42 U.S.C. § 1983***

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## *II. BACKGROUND*

In his complaint, plaintiff alleged that in March 2008 he was subjected to unlawful excessive force during his confinement at the Irwin County Detention Center (the "ICDC"). At that time, plaintiff allegedly asked defendant Officer Gibbs why there was only one pair of hair trimmers for all the inmates. An altercation among plaintiff and defendant Officers Gibbs and Spenster ultimately ensued, in which plaintiff was subjected to tasering. In addition to Officers Gibbs and Spenster, plaintiff sues the ICDC.

## *III. DISCUSSION*

***A. Claims Under 42 U.S.C. §§ 1985(3), 1986, and 1988(a)***

Plaintiff alleges claims under 42 U.S.C. §§ 1985(3), 1986, and 1988(a). He provides no explanation for these claims, but merely sets forth the language of the statutes.

"Section 1985(3) creates a cause of action for damages against conspiracies which deprive persons of the equal protection of law or other federal rights, privileges or immunities." ***Arnold v. Board of Educ. of Escambia County Ala***., 880 F.2d 305, 317 (11th Cir.1989), *overruled on other grounds*, ***Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit***, 507 U.S. 163 (1993). To state a claim for relief under § 1985(3), a plaintiff must establish that there was "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." ***Griffin v. Breckenridge***, 403 U.S. 88, 102 (1971). Plaintiff has not alleged that he was subjected to racial or other class-based discrimination. Nor has he alleged any specific facts supporting the existence of a conspiracy. ***See Kearson v. Southern Bell Tel. & Tel. Co.***, 763 F.2d 405, 407 (11th Cir. 1985).

"Section 1986 provides a cause of action against anyone who has 'knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" ***Park v. City of Atlanta***, 120 F.3d 1157, 1159 (11th Cir.1997). The above dismissal of plaintiff's section 1985(3) claim thus mandates dismissal of his section 1986 claim. ***Id.*** ("Section 1986 claims are ... derivative of § 1985 violations").

Section 1988(a) does not create a federal cause of action but merely states that where federal law does not provide adequate remedies, then federal courts should look to remedies under state law.

In the present case, plaintiff presents no issues of federal remedies being inadequate. Plaintiff simply has no cause of action under section 1985(3) or section 1986, and, as described below, he has appeared to allege a valid section 1983 claim for which federal remedies are adequate.

In light of the foregoing, it is hereby **RECOMMENDED** that plaintiff's claims under 42 §§ 1985(3), 1986, and 1988(a) be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

***B. ICDC***

A jail is not considered a legal entity amenable to suit. ***Brannon v. Thomas County Jail***, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting that "County Jail is not an entity capable of being sued under Georgia law"). Accordingly, it is **RECOMMENDED** that the ICDC be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within ten (10) days after being served a copy of this order.

***C. Claim Under 42 U.S.C. § 1983***

Construing the complaint liberally in favor of plaintiff, the Court determines that plaintiff's allegations of excessive force against defendant Officers Gibbs and Spenster are sufficient to withstand frivolity review. Accordingly, it is hereby **ORDERED** that service be made against these two defendants.

***IV. CONCLUSION***

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendant Officers Gibbs and Spenster. The undersigned **RECOMMENDS** that plaintiff's claims under sections 1985(3), 1986, and 1988 be **DISMISSED**. The undersigned further **RECOMMENDS** that defendant ICDC be **TERMINATED** as a defendant herein.

**SO RECOMMENDED**, this 5th day of June, 2009.

***/s/ Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE