IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANGEL ZAMORA CRUZ, :
:
        Plaintiff, :
:
VS. :
: 7: 09-CV-64 (HL)
OFFICER GIBBS and :
OFFICER SPENSTER, :
:
        Defendants. :

**ORDER and RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the Defendants' Motion to Dismiss or in the alternative Motion for Summary Judgment, the Plaintiff's Motion to Amend, and Plaintiff's Motion to Strike. (Docs. 28, 41, 47). To the extent that the Defendants attached and relied on matters outside the pleadings in addressing the merits of Plaintiff's claims, the Court construed the Defendants' Motion to Dismiss as one seeking summary judgment and issued notice to the Plaintiff accordingly. (Doc. 30).

**Factual Background**

The Plaintiff filed this action on June 1, 2009, alleging that while confined at the Irwin County Detention Center in March 2008, Defendants Gibbs and Spenster subjected the Plaintiff to unnecessary and excessive force. Plaintiff was held at the Irwin County Detention Center as a sentenced Federal prisoner, awaiting transport to a Federal Bureau of Prisons facility. Plaintiff alleges that on the day in question Officer Gibbs, frustrated at Plaintiff's complaints regarding hair trimmers and unable to understand the Plaintiff's attempts to communicate with him, told Plaintiff to return to his housing unit. Plaintiff asked to speak to a supervisor, and Gibbs pushed the Plaintiff. Plaintiff attempted to "protect himself from the unexplained violence" and was tased multiple times by Defendants Gibbs and Spenster. (Doc. 2, ¶ 2).

*Motion to Dismiss, or in the alternative, Motion for Summary Judgment*

Defendants Gibbs and Spenster filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment on March 30, 2010, after seeking and receiving three (3) extensions of time to file dispositive motions. (Docs. 22, 24, 26). Defendants Gibbs and Spenster raise three grounds for the dismissal of this action: 1) Plaintiff has failed to perfect service on the named Defendants within the time provided under the Federal Rules of Civil Procedure; 2) Plaintiff has misidentified the Defendants, as no one by the name of "Gibbs" or "Spenster" has ever been employed at the Irwin County Detention Center; 3) the Plaintiff's excessive force claim fails on the merits and Defendants are therefore entitled to the entry of summary judgment.

A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556, 570). The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009). Although the Court must accept as true all of the factual allegations in the Complaint, this standard does not apply to legal conclusions in the Complaint. "Threadbare recitals of the elements of a cause of action, supported by mere

2

conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949.

In his response to Defendants' Motion to Dismiss, the Plaintiff points out that as to Defendants Gibbs and Spenster, the Defendants' Answer provides that Gibbs and Spenster were "at relevant times and on relevant dates [] employee[s] of the Irwin County Detention Center, and w[ere] so employed at the time of the alleged 'Constitutional Deprivation'". (Doc. 9, p. 4, ¶¶ 6, 7). Plaintiff further asserts that on or about August 31, 2009, in response to discovery requests, the Defendants noted that the Defendants' names were actually "Hicks" and "Christopher". Plaintiff maintains that he initially was given the names of the Defendants from an Irwin County Detention Center employee, who Plaintiff believes "deliberately misinformed the Plaintiff in an attempt to hide the identity of his/her colleagues." (Doc. 31-1, p. 6).

Plaintiff appears to agree that the Defendants herein have been wrongly identified as "Gibbs" and "Spenster". (Docs. 31, 41). The Court notes that Plaintiff was provided with notice that this action as to Defendants Gibbs and Spenster was subject to dismissal based on the filing of Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Doc. 30). Inasmuch as the parties agree that Gibbs and Spenster are not proper party Defendants herein, it is the Recommendation of the undersigned that Defendants' Motion to Dismiss be **GRANTED**.

Having issued a Recommendation on the Defendants' Motion to Dismiss, the Court finds it unnecessary to address the Defendants' alternative Motion for Summary Judgment. The Court notes that the claims addressed therein relate entirely to officials who are not presently parties to this lawsuit.

*Plaintiff's Motion for Leave to Amend*

After asserting that the named Defendants herein are not proper parties to this action, the

3

Defendants set out the names of three (3) individual Irwin County Detention officers who were involved in a use of force incident with the Plaintiff at the Irwin County Detention Center on or about April 9, 2008. (Doc. 28). Defendants assert, and the Plaintiff appears to agree, that this use of force incident is the actual basis for Plaintiff's allegations in this Complaint, despite Plaintiff's reference in his original Complaint to March 2008 as the time of the alleged incident. In his Motion for Leave to Amend, Plaintiff alleges that Defendants in their Answer admitted to "Gibbs" and "Spenster" being employed at the Irwin County Detention Center, then asserted that "Hicks" and "Christopher" were the correct Defendants, and then filed their Motion to Dismiss asserting that Gibbs and Spenster were never employed at the Irwin County Detention Center.

On July 2, 2010, the Plaintiff filed a Motion for Leave to File an Amended Complaint, seeking to add as party-defendants the three (3) individuals named in Defendants' Motion for Summary Judgment. (Doc. 41). The Defendants oppose this motion, asserting that the Plaintiff waited three (3) months after the filing of their Motion to Dismiss, or in the alternative, for Summary Judgment before filing his Motion for Leave to Amend, and thereby exercised undue delay in attempting to add the three individuals as defendants herein. The Defendants also assert that Plaintiff's amendment would prove futile, and that his Motion for Leave to Amend should therefore be denied.

Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure,

> [a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Inasmuch as the Plaintiff failed to execute and file his Motion to Amend within 21 days

of the filing of Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, his Motion to Amend cannot be granted under Rule 15(a)(1).

Pursuant to Rule 15(a)(2),

> [i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic. *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982). "While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'" *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). Accordingly, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[U]nless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

The record reveals an absence of any evidence of bad faith, dilatory motive, or undue delay on the part of the Plaintiff regarding his attempt to add the correct persons as defendants herein. Although Plaintiff's Motion for Leave to file an Amended Complaint was not filed until July 2, 2010, the Plaintiff sought leave to amend only about three (3) months after the filing of Defendants' Motion to Dismiss and two (2) months after Plaintiff filed his response to

5

Defendants' motion. (Docs. 28, 31). *See Hutcherson v. Flowers Baking Company of Opelika,* 2005 WL 1421148 (M.D.Ala.) (filing of motion to amend three months after the filing of an answer "is not per se dilatory"); *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279-80 (4th Cir. 1987) (no undue delay in motion to amend filed three and a half years into litigation and three months after plaintiff was put on notice of additional facts giving rise to the amendment). The Court notes that this matter has experienced delays at the hands of the Defendants, as they delayed the filing of their dispositive motion and their replies to Plaintiff's responses to same multiple times. While Defendants did seek and receive permission for such extensions, the end result was that there was a delay in notification to the Plaintiff that he had sued the wrong Defendants.

Moreover, the Court cannot conclude at this point in the proceedings that Plaintiff's excessive force claims against the three Irwin County Detention officers would prove futile, as urged by the Defendants. Plaintiff alleges that he suffered excessive use of force at the hands of the three (3) individuals sought to be added as Defendants, and that this use of force occurred without cause or resistance from the Plaintiff. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992) ("[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that set out in *Whitley* [*v. Albers*, 475 U.S. 312 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

In regard to the issue of relation back of the Plaintiff's amended Complaint, Rule 15(c) provides that:

> (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

6

> . . .
>
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The parties agree that Plaintiff's proposed Amendment arises out of the conduct underlying Plaintiff's original Complaint. The 120-day time period for service under Rule 4(m) began to run on June 5, 2009, the date on which the Court ordered service of the named Defendants. (Doc. 5). Defendants Irwin County Detention Center, Gibbs and Spenster filed their Answer on July 20, 2009. (Doc. 9). However, the three new individuals identified as potential defendants are apparently represented by the same counsel representing Defendants Gibbs and Spenster, and are employed by the same entity, the Irwin County Detention Center. "[W]hen the original and the added defendants are represented by the same counsel . . . the institution of an action against one serves to provide notice of the litigation to the other." *Chumney v. U.S. Repeating Arms Co., Inc.*, 196 F.R.D. 419, (M.D.Ala. 2000) (*citing Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998), holding that "notice [for purposes of F.R.C.P. 15(c)] may be imputed to the new party through shared counsel".) Moreover, there is no indication of any prejudice to the three individual officers by allowing Plaintiff's amended Complaint to relate back to the time of filing of the original Complaint. Clearly, the three individuals have already contemplated the Plaintiff's

claims to the point of preparing a dispositive motion and supporting affidavits seeking to deal with the merits of said claims.

Additionally, as evidenced by the Defendants' Motion for Summary Judgment, supporting affidavits, and the apparent representation by common counsel, the three individuals knew or should have known, during the 120-day period for service, that but for Plaintiff's misidentification, they would be the named defendants in this suit.  Even if the actual Defendants were not aware of the misidentification of defendants in Plaintiff's suit and their role as the proper defendants within the 120-day period for service, "Plaintiff is entitled to rely on defendants' initial pleading admission that [the Defendants were employed by the Irwin County Detention Center] and failure to raise the misidentification defense.  Here, it was not until after the 120-day period had expired that [the Defendants] first raised the misidentification issue.  In these circumstances to deny amendment would be unduly prejudicial and unfair." *Rowe v. Florida School for the Deaf & Blind*, 176 F.R.D. 646, 649 (M.D.Fla. 1997).

In summary, there is no evidence of bad faith, dilatory motive or undue delay by Plaintiff in filing his Motion for Leave to Amend, Plaintiff's claims of excessive force cannot be ruled futile at this point in the proceedings, and the Amended Complaint should relate back under Rule 15(c) to the date of the filing of Plaintiff's original Complaint.  Accordingly, it is the Recommendation of the undersigned that Plaintiff's Motion for Leave to Amend be **GRANTED**.

Should this Recommendation be adopted by the District Judge to whom this matter is assigned, the Plaintiff's Amended Complaint will be deemed filed on the date of the filing of the Order adopting the Recommendation, and the Clerk shall issue service documents accordingly.  Discovery shall be completed within 90 days of the date of the filing of an answer or dispositive motion by the Defendants unless an extension is otherwise granted by the Court upon a showing

of good cause therefor or a protective order is sought by the Defendants and granted by the Court. This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's Answer and/or dispositive motion. The parties shall then have 30 days from the close of discovery to file any dispositive motion.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendations issued herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

*Plaintiff's Motion to Strike*

Plaintiff seeks to have the Defendants' Response to Plaintiff's Reply to Defendants' Response to the Motion to Amend stricken from the record, asserting that Defendants' response is not permitted under the Federal Rules of Civil Procedure. (Doc. 47). The Court finds an inadequate basis upon which to grant Plaintiff's motion, and Plaintiff's Motion to Strike is accordingly **DENIED**.

**SO ORDERED and RECOMMENDED**, this 1st day of March, 2011.

s/ ***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

asb