IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ANGEL ZAMORA CRUZ, | : |
| Plaintiff, | : |
| VS. | : |
| | : 7 : 09-CV-64 (HL) |
| OFFICER BRITT, OFFICER SIMS, AND OFFICER MCALLISTER, | : |
| Defendants. | : |

**ORDER and RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. ' 1983 are two Defendants= motions to dismiss (Docs. 65, 71), and the Plaintiff=s Motion for Clarification to Defense Counsel (Doc. 69). The Plaintiff filed this action on June 1, 2009, alleging that while confined at the Irwin County Detention Center in March 2008 he was subjected to unnecessary and excessive force. (Doc. 2).

**Factual Background**

In his Complaint, the Plaintiff originally named Officers Gibbs and Spenster as the Defendants who subjected him to unnecessary and excessive force. *Id.* Plaintiff was held at the Irwin County Detention Center as a sentenced Federal prisoner, awaiting transport to a Federal Bureau of Prisons facility. Plaintiff alleged that on the day in question Officer Gibbs, frustrated at Plaintiff=s complaints regarding hair trimmers and unable to understand the Plaintiff=s attempts to communicate with him, told Plaintiff to return to his housing unit. Plaintiff asked to speak to a supervisor, and Gibbs pushed the Plaintiff. Plaintiff attempted to Aprotect himself from the unexplained violence@ and was tased multiple times by Defendants Gibbs and Spenster. *Id.* at & 2.

Upon the filing of a Motion to Dismiss by Defendants Gibbs and Spenster raising their alleged misidentification, Plaintiff agreed that the Defendants were wrongly identified as "Gibbs" and "Spenster" (Docs. 28, 31, 41). The Court dismissed Defendants Gibbs and Spenster, finding that these individuals were not proper party Defendants herein, by Order dated March 24, 2011. (Doc. 52). However, the Court allowed the Plaintiff to amend his Complaint to add Defendants Britt, Sims and McAllister, the proper Defendants, and the Plaintiff's Amended Complaint was deemed filed on the filing date of the Court's Order. *Id.*

Waiver of service forms were mailed to the Defendants at the Irwin County Detention Center, the address provided by the Plaintiff, on April 1, 2011. (Docs. 53, 54, 55). Waiver of service forms were returned executed as to Defendant McAllister on May 16, 2011, and Defendant McAllister filed an Answer on June 3, 2011. (Docs. 56, 60). Service forms were returned unexecuted as to Defendants Britt and Sims, and personal service of these Defendants was directed on June 2, 2011. (Docs. 59, 63, 64). Returned service forms bear the notation that Defendants Britt and Sims no longer work at the Irwin County Detention Center. (Docs. 63, 64).

Defendants Britt and Sims have filed two (2) motions to dismiss (Docs. 65, 71), in which they assert that the Plaintiff has failed to effectuate service as to these Defendants within the 120 day time limit set out in Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, Defendants Britt and Sims have moved for the dismissal of this matter as to them. *Id.* By Orders dated October 6, 2011 and March 9, 2012, the Court notified the Plaintiff of the pending motions to dismiss. In the October 2011 Order, Plaintiff was

directed to show cause as to why this matter should not be dismissed due to lack of service in compliance with Rule 4(m). (Doc. 67). Defendants Britt and Sims have never been served, and no Answer has ever been filed by these Defendants.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

> [i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On October 6, 2011, the Court notified the Plaintiff that this action was subject to dismissal as to Defendants Britt and Sims, and directed him to show cause as to why this action should not be dismissed pursuant to Rule 4(m) due to lack of service. (Doc. 67). Additionally, the Plaintiff was instructed to provide a current address for these Defendants in order to maintain his claims against them. *Id*. In response to this directive, the Plaintiff asserts that counsel Frank Bedinger has made an appearance on behalf of Defendants Britt and Sims and that these Defendants "have submitted to this Courts [sic] personal jurisdiction and has waived service of process by their appearance through counsel." (Doc. 70, p. 2). Plaintiff further asserts that by filing a response to Plaintiff's Motion for Leave to File an Amended Complaint, and failing to raise therein any issue as to service of process, Defendants Britt and Sims have waived the affirmative defense of insufficient service of process. (Doc. 73). Plaintiff has not provided the Court with current addresses

for these Defendants.

"Under Rule 4[(m)], dismissal is mandatory if service is not perfected within 120 days of filing the complaint unless good cause is shown." *Schnabel v. Wells,* 922 F.2d 726, 728 (11th Cir. 1991) *superseded in part by rule as stated in Horenkamp v. Van Winkle and Co.*, 402 F.3d 1129, 1132, n.2 (11th Cir. 2005).  The standard of good cause is equivalent to excusable neglect and requires a showing of good faith and some reasonable basis for failure to timely serve the Complaint, a basis that is more than simple inadvertence or mistake.  *Steinberg v. Barclay's Nominees (Branches) Ltd.*, 2008 WL 4500395 *2 (S.D.Fla., Sept. 30, 2008); *Madison v. BP Oil, Co.,* 928 F. Supp. 1132, 1137 (S.D.Ala. 1996).  In general, good cause is found to exist only when some "outside factor . . . rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007).

The Court finds that the Plaintiff has failed to establish good cause for his failure to provide the Court with valid current addresses for Defendants Britt and Sims so that service might be perfected.  Plaintiff's contention that Defendants Britt and Sims waived the defense of insufficient service of process by failing to raise the issue in their response to Plaintiff's Motion for Leave to Amend his complaint is without merit.  Federal Rule of Civil Procedure 12 (h)(1)(B) provides, in part, that "[a] party waives [the defense of insufficient service of process] by failing to either make it by motion under this rule; or include it in a responsive pleading."  Defendants Britt and Sims have yet to be served with process herein, and in any event, the former defendants Gibbs and Spenster's response to

Plaintiff's Motion for Leave to Amend (Doc. 42) is not considered a responsive pleading. Fed. R. Civ. P. 12 (a)(1) (identifying responsive pleadings as answer, answer to a counterclaim or crossclaim, or reply to an answer).  Plaintiff's Amended Complaint against Defendants Britt and Sims had not yet been deemed filed, much less served, when former defendants Gibbs and Spenster responded to Plaintiff's Motion for Leave to Amend, and therefore no responsive pleading or Rule 12 motion was yet required.  Fed. R. Civ. P. 12 (h)(1)(B)(ii); *Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237 (2010) ("the term 'responsive pleading' does not include such filings as a motion to dismiss or motion for summary judgment.").

The Plaintiff has failed to establish a reasonable basis, beyond inadvertence or negligence, for noncompliance with Rule 4(m).  *Accord Zachery v. Thigpen,* 895 F. Supp. 1472, 1477 (M.D.Al. 1995).  The Court notes that neither absence of prejudice alone, inadvertent error, nor ignorance of the rule governing service will excuse a litigant's failure to effect timely service.  *Madison*, 928 F. Supp. at 1137.

The Eleventh Circuit has extended the power of a district court to grant extensions under Rule 4(m) even in the absence of good cause, if special circumstances or the facts of the case at issue warrant an extension.  *Horenkamp*, 402 F.3d at 1132-33 (service period could be extended when action could not be refiled due to the running of the statute of limitations, and defendant had notice of the suit and had been properly served); *Lepone-Dempsey*, 476 F.3d at 1282 (even if good cause not shown, courts should  consider special

factors such as running of the statute of limitations or defendant's evasion of service in deciding whether to extend service period); *Fellner v. Cameron*, 2011 WL 4382086 (M.D.Fla., Sept. 30, 2011) (court has discretion to extend time for service of process in absence of good cause showing).  However, as the 120-day period for service herein has long been expired and no addresses have been provided for the named Defendants, the Court finds that no special factor warrants a reopening and extension of the service period herein.

Inasmuch as the Plaintiff has failed to establish cause as to why this matter should proceed against Defendants Britt and Sims and further has failed to provide current addresses for these Defendants, it is the recommendation of the undersigned that Defendants Britt and Sims' motions to dismiss be **GRANTED** and that this matter be **DISMISSED as to Defendants Britt and Sims**, leaving Defendant McAllister as the sole Defendant.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the Recommendations issued herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Order and Recommendation.

Plaintiff's Motion for Clarification to Defense Counsel (Doc. 69) presents no issues for the Court's determination and is accordingly **DENIED**.

**SO ORDERED and RECOMMENDED**, this  23rd day of April, 2012.

s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE