IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ANGEL ZAMORA CRUZ,

    Plaintiff,

v.

OFFICER BRITT, OFFICER SIMS, and OFFICER MCALLISTER,

    Defendants.

Civil Action No. 7:09-CV-64 (HL)

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 75), entered on April 23, 2012, in which he recommends that the Motion to Dismiss (Doc. 65) and Renewed Motion to Dismiss (Doc. 71) filed by Defendants Britt and Sims be granted. Plaintiff has filed an objection to the Recommendation (Doc. 76). The Court has made a *de novo* review of the Recommendation and rejects the Recommendation for the reasons discussed herein.

I.    **PROCEDURAL BACKGROUND**

Plaintiff amended his complaint as of March 24, 2011 to name Defendants Britt, Sims, and McAllister as the proper party-defendants. Waiver of service forms were issued by the Clerk of Court on March 25, 2011, and were mailed by the United States Marshal on April 1, 2011 to the Irwin County Detention Center

("ICDC"). The waiver of service forms were returned unexecuted as to Defendants Britt and Sims. Personal service was then ordered on June 2, 2011 for those two Defendants.

The next service documents on record are unsigned service of process receipts and returns filed with the Court on June 16 and 17, 2011. Handwritten on the documents are the notations "Christopher Sims no longer works at Irwin County Detention Center" and "Bryan Britt no longer works at Irwin County Detention Center." (Docs. 63, 64).

The next event in the case relating to Defendants Sims and Britt was the September 30, 2011 filing of a motion to dismiss for failure to serve. (Doc. 65). The Magistrate Judge notified Plaintiff of the motion to dismiss, ordered him to show cause why the action should not be dismissed for lack of service, and ordered him to provide current addresses for Defendants Sims and Britt. (Doc. 67). In response to the motion to dismiss, Plaintiff asserted that Defendants Britt and Sims had evaded service and their counsel would not disclose their whereabouts. (Doc. 70). Plaintiff did not provide addresses for Defendants Britt and Sims as ordered by the Magistrate Judge.

Defendants Britt and Sims then filed a renewed motion to dismiss (Doc. 71), again arguing that they should be dismissed from the case for failure to serve. Plaintiff was notified about the renewed motion and given the opportunity to respond. Plaintiff did respond, and argued that Defendants Britt and Sims

waived their insufficient service of process defense. (Doc. 73). Plaintiff argued in the alternative that he should be allowed to serve the complaint and summons on counsel for Defendants Britt and Sims.

The Magistrate Judge subsequently entered the pending Recommendation in which he recommended the motions to dismiss be granted. (Doc. 75). The Magistrate Judge determined Plaintiff failed to establish good cause for his failure to provide the Court with valid current addresses so that service might be perfected. He rejected Plaintiff's argument that Defendants Britt and Sims waived the defense of insufficient service of process. The Magistrate Judge went on to find that because the 120-day service period had expired and no addresses had been provided by Plaintiff, there were no special circumstances warranting a re-opening and extension of the service period.

Plaintiff filed an objection (Doc. 76) to the Recommendation in which he contends his complaint as to Defendants Britt and Sims should not be dismissed because their counsel knows where they are but Plaintiff does not have their current addresses. Plaintiff further states that he attempted service through their counsel, presumably referring to his earlier request that he be allowed to serve the complaint and summons on counsel.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 4(m), the district court "must dismiss the action without prejudice . . . or order that service be made within a

specified time" if the defendant has not been served within 120 days of the filing of the complaint. Fed.R.Civ.P. 4(m). If, however, the plaintiff shows "good cause" for the failure to serve, the court must extend time for service. Id.

Plaintiff is proceeding in this case *in forma pauperis* ("IFP"). Thus, the officers of the court must "issue and serve all process." 28 U.S.C. § 1915(d). "[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1288 (11th Cir. 2009).

The Eleventh Circuit addressed a situation similar to the one currently before the Court in Richardson v. Johnson, 598 F.3d 734 (11th Cir. 2010). The plaintiff in Richardson was proceeding IFP. The district court directed the Marshal to serve process on two defendants by mailing the appropriate papers to the correctional institution where they were believed to work. One defendant, McNealy, was not served because, according to a prison official, there was "no such person at this institution." Id. at 736.

The district court dismissed the plaintiff's claim against McNealy without prejudice for failure to timely serve under Rule 4(m). Id. at 737. The plaintiff appealed the dismissal of the claim against McNealy, arguing that because he was a pro se prisoner-litigant proceeding IFP, the court-appointed process server was responsible for effecting service on McNealy. Id. at 738. The question before

4

the Eleventh Circuit was whether the plaintiff was at fault for failing to provide an up-to-date address for McNealy. Id. at 739.

The court looked to the Seventh Circuit case of Sellers v. United States, 902 F.2d 598 (7th Cir. 1990), for guidance. Sellers had nearly identical facts, and the Seventh Circuit held that "when the district court instructs the Marshal to serve papers on behalf of a prisoner, the prisoner need furnish no more than the information necessary to identify the defendant." Id. at 602. The court reasoned that

> [p]rison guards do not want prisoners to have their home addresses, and the Bureau of Prisons is reluctant to tell prisoners even the current place of employment of their former guards. This is a sensible precaution, for prisoners aggrieved by guards' conduct may resort to extra-legal weapons after release if they do not deem the results of the litigation satisfactory. . . .Because the Marshals Service is part of the Department of Justice, 28 U.S.C. § 561, it should have ready access to the necessary information.

Id. at 602.

The Seventh Circuit then applied Sellers to a pro se prisoner proceeding IFP in a state prison in Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995). The court held:

> The present cases involve state prisoners, not federal prisoners, but the distinction is irrelevant. Sellers is grounded in the belief that use of marshals to effect service alleviates two concerns that pervade prisoner litigation, state or federal: 1) the security risks inherent in providing the addresses of prison employees to prisoners; and 2) the reality that prisoners often get the

> 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result.

Id. at 713.

The Eleventh Circuit found both Sellers and Graham persuasive, stating "[i]t is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison." Richardson, 598 F.3d at 739-40. The court concluded that "as long as the court-appointed agent can locate the prison-guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify the prison-guard defendant have established good cause for Rule 4(m) purposes." Id. at 740. The court vacated the dismissal of the claim against McNealy and remanded the case to the district court for a determination of whether McNealy could be located with reasonable effort. If so, the court held, McNealy had to be served. Id.

In light of Richardson, Sellers, and Graham, the Court finds that the Magistrate Judge erred in dismissing Plaintiff's claims against Defendants Britt and Sims for failure to serve. Plaintiff is incarcerated in a federal prison in Florida. Defendants Britt and Sims apparently no longer work at the ICDC. Plaintiff is limited in his ability to obtain the current addresses of former prison employees, especially as he is now in the federal prison system. Plaintiff provided the Marshal with the information necessary to identify Defendants Britt and Sims.

There is nothing in the record to suggest the Marshal attempted to ascertain the current addresses for Defendants Britt and Sims from the ICDC once the Marshal learned they no longer worked there. The Marshal should have. As the Marshal was responsible for serving the Defendants in this case in light of Plaintiff's IFP status, the Marshal's failure to complete service is good cause to extend the time for service under Rule 4(m). *See* Sellers, 902 F.2d at 598.

However, the question of ensuring proper service then arises. Some courts place the burden on the Marshal to obtain the current address. *See* Richardson, 589 F.3d at 739-40; Ely v. Smith, No. 1:07-CV-261, 2008 WL 2076651 (E.D. Tenn. May 15, 2008). Other courts have directed the defendant's former employer to file under seal the defendant's last known address, or have provided defense counsel the opportunity to waive service or accept service on behalf of the defendant. *See* Henderson v. Edwards, No. 1:11CV445, 2012 WL 1340860 (M.D.N.C. Apr. 18, 2012); Allen v. Siddiqui, No. 3:07CV-P261-H, 2008 WL 2217363 (W.D. Ky. May 27, 2008).

In this case, counsel has entered a special appearance on behalf of Defendants Britt and Sims for the purpose of filing the instant motions to dismiss. The Court will give counsel the opportunity to waive service on behalf of Defendants Britt and Sims. Counsel will have ten days from the entry of this Order to notify the Court in writing whether Defendants Britt and Sims will waive service of process. If they will not waive service, counsel is directed to state

whether he is authorized to accept service on behalf of Defendants Britt and Sims. If counsel is not so authorized, counsel must file under seal the proper service addresses for Defendants Britt and Sims, at which time they will be personally served by the Marshal.

### III.   CONCLUSION

For the reasons discussed above, the Court rejects the Recommendation to grant the Motions to Dismiss filed by Defendants Britt and Sims. The Clerk of Court is directed to mail a Waiver of Service form for Defendant Britt and a Waiver of Service form for Defendant Sims to Frank C. Bedinger III, counsel of record, at the address listed on the docket. Mr. Bedinger is ordered to notify the Court in writing no later than **June 8, 2012** whether Defendants Britt and Sims will waive service of process. If not, Mr. Bedinger should state in that same notice if he is authorized to accept service. If he is not so authorized, Mr. Bedinger is ordered to file a separate notice under seal containing the current addresses for Defendants Britt and Sims.

Once service is perfected on all three defendants, the Court will set an expedited discovery and briefing schedule. This case is almost three years old and has been unnecessarily delayed by both parties. Counsel for Defendants is to file a written report with the Court no later than **June 8, 2012** outlining what discovery has been completed and what remains to be done.

This case is no longer referred to the Magistrate Judge.

**SO ORDERED**, this the 29th day of May, 2012.

>                             *s/ Hugh Lawson*
>                             **HUGH LAWSON, SENIOR JUDGE**

mbh