**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **ANGEL ZAMORA CRUZ,**<br><br>      Plaintiff,<br><br>v.<br><br>**BRYAN O. BRITT, CHRISTOPHER SIMS,<br>and RODNEY MCALLISTER,**<br><br>      Defendants. | Civil Action No. 7:09-CV-64 (HL) |

**ORDER**

Defendants have filed a Motion for Summary Judgment, requesting that judgment be entered in their favor on all issues and claims raised in Plaintiff's complaint. Since Plaintiff is proceeding *pro se*, the Court deems it appropriate and necessary to advise him of his right to respond to the motion and of the consequences which he may suffer if he fails to file a response. In order to ensure that Plaintiff receives adequate notice (1) that a motion for summary judgment has been filed against him; (2) that he has the right to oppose the granting of the motion; and (3) that failure to oppose the motion may result in a final judgment being rendered against him as to Defendant, he is notified as follows:

Rule 56 of the Federal Rule of Civil Procedure dealing with motions for summary judgment provides in part as follows:

   (a) **Motion for Summary Judgment or Partial
   Summary Judgment.** A party may move for summary

> judgment, identifying each claim or defense -- or the part
> of each claim or defense -- on which summary judgment
> is sought. The court shall grant summary judgment if the
> movant shows that there is no genuine dispute as to any
> material fact and the movant is entitled to judgment as a
> matter of law. The court should state on the record the
> reasons for granting or denying the motion.

Fed.R.Civ.P. 56.

Under the procedures and policies of this Court, motions for summary judgment are normally decided on briefs. The Court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted by the parties, in deciding whether a summary judgment is appropriate under Rule 56; the parties may submit their argument to the Court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party against whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails and refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a final judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences

therefrom must be viewed by the Court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the Court that there are material facts which exist in the case which must be presented to a jury for resolution. *See* <u>Van T. Junkins & Assoc. v. U.S. Indus., Inc.</u>, 736 F.2d 656, 658 (11th Cir.1984).

Failure of Plaintiff to respond to and rebut the statements set forth in the Defendants' affidavits and other sworn pleadings may result in the statements being accepted as the truth. The Court could then grant judgment to the Defendants seeking summary judgment; there would be no trial or any further proceedings.

Accordingly, Plaintiff is ordered and directed to file a response to Defendants' Motion for Summary Judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure on or before November 22, 2012.

**SO ORDERED**, this the 29th day of October, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh